| iGOTHARD, Judge,
concurring.
I am in total agreement with the holding of this court, which affirms the trial judge’s award of worker compensation benefits.
The threshold doctrine, well recognized in the jurisprudence of this state, allows an employee to recover worker compensation benefits, when the employee is injured while traveling to and from work, if the employee can successfully prove that 1) a distinctive travel risk exists for the employee in going to or coming from work, and 2) the risk exists immediately adjacent to his place of work. Stewart v. Louisiana Plant Service, Inc., 611 So.2d 682 (La.App. 4 Cir.1992). The plaintiffs in this suit clearly met their burden of proof.
The trier of fact in this matter reviewed all the evidence and came to this very same conclusion. I believe that this court can find no manifest error in this determination by the trial court and that the facts of this case clearly mandate the application of the threshold doctrine.
At trial, it was established that the demands of deceased employment necessitated that he have his car readily available and close to his office. The evidence presented to show that available parking was located in a high crime area was overwhelming. Clearly, the deceased, in traveling to and from work, had no choice but to travel through this high crime area in |2which the available parking was located. I see no question in the finding that the deceased’s employment exposed him to a distinctive travel risk greater than that of the public.
I respectfully concur.